STATE OF NORTH DAKOTA, EX REL. M. F. MINEHAN V. OLE B.
WING, AS COUNTY AUDITOR OF MCLEAN COUNTY, IN THE STATE
OF NORTH DAKOTA.

Opinion filed March 6, 1909.

**Courts — Supreme Court — Original Jurisdiction — Issue of Mandamus.**

1. Following State ex rel. Steele et al. v. Fabrick (N. D.) 117, N.
W. 860, *held,* that the question of the division of a county and the
creation of a new county does not call for the exercise of the orig-
inal jurisdiction of the Supreme Court by the issuance of its writ of
mandamus directed to the county auditor requiring him to certify the
returns of an election held upon such question, unless the circum-
stances are of such an exceptional character that adequate relief
cannot be obtained in the district court.

**Courts — Supreme Court — Original Jurisdiction — Emergency.**

2. Under the circumstances disclosed by the record, *held* that no
emergency or exigency exists in the present instance warranting the
Supreme Court in taking original jurisdiction to issue its writ of
mandamus.

**Original Jurisdiction of Supreme Court.**

3. State ex rel. McCue, Attorney General, v. Blaisdell, secretary
of State, et al. (N. D.) 119 N. W. 360, distinguished.

Application by the State, on the relation of M. F. Minehan, for
writ of mandamus to Ole B. Wing, County Auditor of McLean
County.

Application denied.

*Herbert F. O'Hare* and *Newton & Dullam,* for relator.

*J. P. Nelson* and *Engerud, Holt & Frame,* for defendant.

SPALDING, J.    The alternative writ of mandamus was issued by
this court on the 19th day of January, 1909, commanding the de-
fendant Wing, as county auditor of McLean county, to certify and
make his certificate to the Secretary of State showing and declaring
that a majority of votes cast at the November, 1908, election in
McLean county was in favor of the formation of the new county
of Stevenson, together with the number of votes cast for
and against the formation of said new county at such el-
ection in McLean county by the voters thereof, or to show
cause on a subsequent date why he had not done so.    To this writ
the defendant made return.    It is not necessary to refer to it at

length. The parties appeared through counsel on the return day when certain motions were submitted and arguments had thereon and on the merits.

Three separate propositions for the division of McLean county and the creation of new counties were submitted to the voters of that county and voted upon at the November, 1908, election. Among them was the question of the creation of Stevenson county. More affirmative than negative votes were cast on the question of its formation, but the defendant contends that there were fatal irregularities in the notice of the submission of the questions, in the conduct of the election, and in many other respects which need not be detailed.

The defendant at the outset objects to this court taking original jurisdiction, and we are compelled to determine whether a case is presented which will justify this court in the exercise of a sound legal discretion in taking original jurisdiction. We have so recently quite fully considered the subject that we are not called upon to review the authorities or to state at length the reasons for our conclusion. It is sufficient to say that on this question the views of this court are quite fully stated in State v. Fabrick, N. D. 117, N. W. 860, as far as it relates to the issuance of the prerogative writ except in case of emergency or exigency. The proceeding referred to was an application to this court for a writ of mandamus directing the auditor of Ward county to submit to the electors of that county at the November, 1908, election, various propositions for the division of Ward county and the creation of new counties therefrom. In that case we said: "In this case the matter involved pertains to the division of a county. Counsel forcibly urge that these matters are of great public concern, and involve the sovereignty and franchises of the state, by reason of the fact that the electors of Ward county will be deprived of voting on this matter of great concern to them unless the order be complied with to submit the proposition of the division of the county to them. We cannot agree with the contention of the relators that the state at large is proximately affected or concerned in the question of the division of Ward county, or whether that county be divided into two counties, or whether it be divided into four counties. It is a question of concern to the residents of the proposed counties, but that it directly concerns the state at large we cannot see. It is no more a matter affecting the state at large than would be the question of the formation of particular

school districts out of prescribed territory or the location of a school-house therein. It pertains wholly to the private convenience of the local inhabitants. * * * For these reasons, it is clear that the facts do not present a question of such concern to the state at large as to call for the issuance of the writ." In that case the writ was, however issued upon the ground, and for the reason that an emergency or exigency existed such as warranted this court in taking original jurisdiction to issue such writ, and that a practical denial of justice would result unless the writ was issued. We then proceeded to state the facts which we held created such an emergency, namely, that, if the relators were compelled to first apply to the district court, it was doubtful whether a final decision in that court could be had in time for the submission of the question to the voters at the November election, and because in the event of an appeal, we were certain that the question could not be decided prior to the election at which the question was to be submitted, and in that case the petition of the relators for the division of the county would avail them nothing. We went as far as we think the doctrine of exigency will warrant going. We are agreed that no such emergency exists in the present instance. The election has taken place. The fact that taxes must be assessed, and that salaries may be affected by the formation of the new county, creates no exigency requiring the action of this court. The taxes will be assessed and levied whether the new county is formed or not. The county officials will be paid and the interests of unknown parties who might derive benefits from the formation of the new county by appointments to fill the offices thereby created are so remote as to not properly enter into the determination of the question. The proper place for the relator to make application for his writ is the district court, and we see no disadvantage in his doing so, except slight delay which may be occasioned thereby. That any delay would result is by no means certain, as some of the members of this court are of the opinion that the complete determination of the issues would require a reference to take evidence. See State ex rel. Murphy v. Gottbrecht et al. (N. D.) 117 N. W. 864. It is proper to add that the Attorney General did not consent to the use of his name as relator in this proceeding, but he did consent to the use of the name of the state on the relation of a private party, but he does not appear in the proceeding.

It is suggested that there is no distinction between this application and the one of State ex rel. McCue v. Blaisdell and Fabrick N. D. 119 N. W. 360, and that, inasmuch as we took jurisdiction in that case, we should do so in the present. There are several marked differences between that proceeding and this. The relative position of the parties is reversed. The relator in that case corresponded to the defendant in this proceeding, and was seeking to restrain the Auditor and Secretary of State from certifying the result of the election. A clear-cut proposition of law was presented on the decision of which the officials of several counties were waiting before knowing what action to take. While the rights of the people of only one county were directly in question, those of a number of counties in different judicial districts were in fact dependent on our action. The attorney general appeared on behalf of the relator, and both parties assumed that the court should take jurisdiction. In fact, both parties desired it to do so, and the question of its being a proper case for the exercise of original jurisdiction was not presented, or even suggested, and was not considered by the court. Hence it forms no precedent.

The application is denied, and the alternative writ quashed. All concur.